# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Ronald L. Cosner, )
    Plaintiff, )
)
v. ) 1:12cv1366 (LMB/TRJ)
)
B. Dodt, et al., )
    Defendants. )

## MEMORANDUM OPINION

Ronald L. Cosner, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs. Plaintiff has applied to proceed in forma pauperis in this action, and has moved for the appointment of counsel. After reviewing plaintiff's complaint, the claim against the defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1] Plaintiff's motions for leave to proceed in forma pauperis and to appoint counsel accordingly will be denied as moot.

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

# I.

Plaintiff, who is confined in the Mental Health Unit at Powhatan Correctional Center, alleges that on August 24, 2012 at 12:25 p.m., he informed medical staff that he had attempted suicide by swallowing "a homemade plexiglass knife, sharp as a needle on one end, double edged, and about 5 inches long." Compl. at 2. Plaintiff allegedly was having sharp pains under his lower middle left rib cage, where his stomach is located. Nurse practitioner B. Dodt examined plaintiff at his cell door and stated that she would take plaintiff's vital signs and order x-rays to see if he was telling the truth, but she would not send him to the hospital. Three days later, four (4) x-rays were taken, and when they did not reveal a knife plaintiff filed an emergency grievance asking to go to the hospital for a CT scan and an endoscopy. Id. Dr. Ronald Toney and Nurse Dodt examined plaintiff and Dr. Toney allegedly "admitt[ed]" to plaintiff that an "endoscopy could very well work," but he told plaintiff, "I am not sending you to the hospital cause that's what you want." Id.

Later that night, the pain in plaintiff's abdomen moved into his lower abdomen, and he passed an "enormous amount" of blood in his stool. Compl. at 3. Plaintiff was in extreme pain, had difficulty breathing, felt faint, and feared that he was going to die. Id. The nurse called 911 and plaintiff was "rushed" to St. Francis Hospital and then was transferred to the emergency room at Medical College of Virginia, where he was given a CT scan, blood transfusions, and pain medication. Id. Plaintiff subsequently was hospitalized for several days. He alleges that both the ER physician and the gastroenterologist said that had he been sent to the hospital sooner an endoscopy might have been used to remove the object from his stomach, but by the time he got there it was "too late." Id.

After plaintiff was released he continued to experience rectal bleeding and was hospitalized again "numerous times" during August through November, 2012. Compl. at 3. Plaintiff has required "numerous transfusions," deals with "extreme pain," and does not yet know whether he will need major surgery or die. Id. Plaintiff asserts that "all of this pain and agony, blood transfusions, mental anguish and possible death or major surgery could have been prevented by the defendants had they given me adequate medical care ...." Id. Plaintiff alleges that his Eighth Amendment rights were violated by Dr. Toney and Nurse Dodt, and he seeks an award of $300,000 in damages from each defendant.

Attached to the complaint are three exhibits. The first is a copy of an emergency grievance plaintiff submitted on August 28, 2012 at 10 a.m. in which he stated that he had ingested a 5 inch long plexiglass shank, "sharp as a needle and double edged." Plaintiff stated that an x-ray was taken the previous day and "it was normal," but nonetheless the object was in his abdomen. Plaintiff asked that the medical department "intervene" and send him to the hospital for a CT scan so the object could be removed from his stomach before it entered his intestine and required surgery or killed him. He stated, "No action by medical is deliberate indifference to a serious medical need and if it does perforate my intestine I will sue because medical did not take it seriously." Compl., Ex. A. Half an hour later, Nurse Dodt responded, "You were seen and examined and a treatment plan was put into place." Id.

Plaintiff's second exhibit is a copy of an informal complaint, also submitted on August 28, 2012. In it, plaintiff alleged that "[m]edical has chosen an easier and less efficacious form of medical treatment for the 5 inch long plexiglass shank I ingested." Plaintiff asserted that Dr. Toney and Nurse Dodt had chosen not to send him to the hospital where "the GI doctors" might

3

be able to remove the object before it entered his intestine and caused him to require surgery or die. Again, plaintiff opined that defendants' inaction "constitute[d] deliberate indifference to a serious medical need in violation of the U.S. Constitution." Compl., Ex. B. The following day, plaintiff's complaint was answered by a prison official who stated, "You have been evaluated by medical staff for your condition and will continue to be evaluated. The qualified professionals will make the determination of your medical needs. Please do not continue to swallow objects." Id.

Plaintiff's third exhibit is a regular grievance submitted on September 10, 2012, in which he recounted the same events he describes in the instant complaint. He stated there that he wanted the doctor and nurse practitioner to be reprimanded for choosing "an easier and less effective form of medical care," as well as "compensation in monetary damages for the violation of [his] Constitutional rights ...." Compl., Ex. C.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

4

Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp.2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). To establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105; see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, plaintiff must allege two distinct

elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier, 896 F.2d at 851. To do so, the prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). Significantly, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

In this case, plaintiff's ingestion of a five-inch shank clearly created a serious medical need, so the first element of an Eighth Amendment claim is satisfied. However, plaintiff fails to establish that defendants acted with deliberate indifference to his condition. To the contrary, plaintiff states that when he reported his action to medical staff, Nurse Dodt came to his cell, took his vital signs, and examined him. Compl. at 3. Plaintiff alleges, and the exhibits he has supplied confirm, that he received several x-rays within three (3) days, which admittedly did not

reveal the presence of a knife in his body. Id. Later that day when plaintiff began to bleed, medical staff caused him to be "rushed" to the hospital, where he received treatment. Compl. at 3. Plaintiff argues that he should have received an endoscopy when he first reported his ingestion of the knife, because "[e]ven a layman can understand the need for emergency medical care in this situation," and when such a procedure was not performed his "condition and chance for recovery deteriorated as time passed." Compl. at 2. However, such an argument even if true amounts to no more than plaintiff's disagreement with medical personnel over the course of his treatment, which will not support an Eighth Amendment claim. Wright, 766 F.2d at 849. Instead, because medical staff examined and tested plaintiff promptly after he reported swallowing the shank, and had him "rushed" to the hospital as soon as he showed symptoms which contradicted the mistaken evidence provided by the x-rays, no claim that defendants violated plaintiff's Eighth Amendment rights will lie.

### IV.

For the foregoing reasons, the complaint will be dismissed for failure to state a claim pursuant to § 1915A, and plaintiff's motions to proceed in forma pauperis and for the appointment of counsel will be denied as moot. An appropriate Order shall issue.

Entered this 30th day of November 2012.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge